### HEYMANN v. POWERS. *
No. 14268.

Court of Appeal of Louisiana. Orleans. Dec. 19, 1932.

---

*Rehearing denied January 16, 1933. Certiorari denied by Supreme Court February 27, 1933.

Jos. A. Casey, of New Orleans, for appellant.

J. A. Morales, of New Orleans, for appellee.

## HIGGINS, J.

The plaintiff, a licensee under Act No. 7 of the Special Session of the Legislature of 1928, commonly called the Small Loan Act, instituted executory process against the defendant as surviving widow under the provisions of Act No. 57 of 1926 on a note secured by a chattel mortgage on certain community household furniture. The widow filed a petition for an injunction to restrain the sale of the mortgaged furniture, alleging that it was being used in the home and that the purported note and chattel mortgage had not been signed by her as required by the provisions of section 17 of Act No. 7 of the Special Session of 1928, which provides that a chattel mortgage on household furniture must be signed by both the husband and wife where they are living together. In his answer to the petition for the injunction the plaintiff pleaded an estoppel.

There was judgment in favor of the defendant perpetuating the injunction, and the plaintiff has appealed.

The record shows that the plaintiff is engaged in business under the Small Loan Act and previously had loaned the defendant's husband certain moneys which were secured by chattel mortgage on the household furniture and that the wife signed the mortgage together with her husband. The loan, in due course, was paid. The deceased then effected the present loan and was intrusted by the plaintiff with the note and chattel mortgage for the purpose of taking them home and having his wife sign them. He returned the documents, apparently with the signature of his wife thereon, but upon his death his widow learned for the first time of the loan and the mortgaging of the household furniture as security therefor. She immediately called plaintiff's attention to the fact that she had not signed the note and mortgage. After some negotiations about the matter the present suit was filed.

The trial court found, and it is now practically conceded, that the wife did not sign the note and the mortgage and, consequently, the chattel mortgage on the furniture is invalid under the express provisions of section 17 of Act No. 7 of the Special Session of 1928. But the plaintiff contends that under his plea of estoppel the defendant is estopped to contest the validity of the chattel mortgage because in article 5 of her petition for the injunction she alleged that she was the widow in community of the mortgagor and, as such, entitled to the usufruct of all property belonging to the community of acquets and gains which existed between herself and her husband up to the time of his death. Plaintiff argues that as the husband would not have contested the validity of the chattel mortgage on the ground that his wife had not signed it, the wife, representing the community estate, is in the same position as the deceased, and, therefore, likewise barred from interposing such a plea, citing Succession of Dejan, 40 La. Ann. 437, 4 So. 89; Compton's Heirs v. Maxwell, 33 La. Ann. 685, 688; Jones v. Jones, 119 La. 677, 44 So. 429; and Maples v. Mitty, 12 La. Ann. 759.

Paragraph 1 of the petition for injunction reads as follows:

"That the order for executory process, herein issued, is null, void and of no effect under the law, because the act of chattel mortgage was not signed by petitioner, who was the wife of the mortgagor, which fact was well known to the plaintiff herein."

This article of the petition, taken in connection with article 5 and the other allegations of the petition, show that the plaintiff was asserting two rights: First, the right which the provisions of Act No. 7 of 1928 give her as wife of the borrower at the time her husband attempted to mortgage the household furniture; and, second, her right as the widow in community. Now, it is perfectly obvious that before the husband died the wife could have resisted any attempt to enforce the chattel mortgage on the ground that she had not signed it, and, hence, under section 17 of Act No. 7 of the Special Session of 1928, the mortgage was invalid. Does the mere fact that the husband died and the wife then became the surviving spouse in community, and asserted her rights as such, cause her to forfeit this independent right under section 17 of the act that she enjoyed before his death? The authorities which the plaintiff cites might well support the contention that the rights which the defendant attempts to exercise as widow in community are no greater than those that her husband had; but we do not believe that it can be logically said that the separate or independent right which is granted to her by virtue of the provisions of section 17 of the act was waived by her mere acceptance of the community of acquets and gains. Her acceptance of the com-

munity estate in no way prejudiced the plaintiff's rights and, therefore, we conclude that the plea of estoppel is without merit.

For the reasons assigned the judgment is affirmed.

Affirmed.